Bradley C. Gage, Esq., S.B. No. 117808
(bgage@goldbergandgage.com)
Terry M. Goldberg, Esq., S.B. No. 55674
(tgoldberg@goldbergandgage.com)
Milad Sadr, Esq., S.B. No. 245080
(msadr@goldbergandgage.com)
**LAW OFFICES OF GOLDBERG & GAGE**
A Partnership of Professional Corporations
23002 Victory Boulevard
Woodland Hills, California 91367
(818) 340-9252  Fax: (818) 340-9088

Benjamin Crump, Esq. - *admitted pro hac vice*
(Court@BenCrump.com)
**BEN CRUMP LAW FIRM**
122 South Calhoun Street
Tallahassee, Florida 32301
Florida Bar Number 0072583

Attorneys for Plaintiffs,
JASMINE WILLIAMS, JUWAN WHITE, JOSEPH NETT,
LAKISHA SWIFT and the PUTATIVE CLASS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE WILLIAMS, JUWAN WHITE, JOSEPH NETT, and LAKISHA SWIFT in Their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, SANDRA SPAGNOLI, formerly sued as Doe 1; DOMINICK RIVETTI formerly sued as DOE 2, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND [FORMERLY D.D.], OFFICER JON ILUSORIO [FORMERLY J.I.], OFFICER JONATHAN DE LA CRUZ [FORMERLY J.D.], SGT. BILLY FAIR | CASE NO.: 2:21-cv-08698-FLA-RAO<br><br>BEFORE THE HONORABLE FERNANDO L AENLLE-ROCHA COURTROOM 6B<br><br>**EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER AND CONTINUE LAST DAY FOR HEARING CLASS CERTIFICATION MOTION AND CORRESPONDING BRIEFING SCHEDULE; DECLARATION OF COUNSEL; EXHIBITS** |

1

| | |
|---|---|
| [FORMERLY SUED AS DOE 3], OFFICER JAMES KRUG [FORMERLY SUED AS DOE 4], OFFICER BILLY BLAIR [FORMERLY SUED AS DOE 5]. OFFICER JERRY WHITTAKER [FORMERLY SUED AS DOE 6], OFFICER JESSE LYGA [FORMERLY SUED AS DOE 7], and DOES 8 - 10, inclusive, all sued in their individual and official capacities,<br><br>　　　　　　　　　　　　Defendants. | Type: Final Pretrial Conference<br>Date: December 1, 2023<br>Time: 1:00 p.m.<br>Ctrm: 6B<br><br>Type: Trial<br>Date: December 12, 2023<br>Time: 8:30 a.m.<br>Ctrm: 6B |

Plaintiffs hereby submit this Ex Parte Application for an order modifying the scheduling order and extending the class certification hearing deadline to June 16, 2023 and the class certification filed deadline to March 1, 2023. The requested modification to the scheduling order was proposed by and agreed to by the defendants, but they now refuse to honor the agreement. (Sadr Declaration, ¶2 Exh. 1 October 31, 2022 email from Defendants and proposed stipulation and order).

On November 3 and 4, 2022 the Defendants sent Plaintiffs emails stating they would not sign the stipulation. (Sadr Declaration ¶3 Exh. 2.)

On November 7, 2022 Defendants sent Plaintiffs a letter stating they agree with the current version of the stipulation and continuance of the class certification hearing and briefing schedule, but won't sign the stipulation. (Sadr Declaration ¶4 Exh. 3 November 7, 2022 correspondence from Defense Counsel). Meanwhile the current December 9, 2022 class certification filing deadline is quickly approaching.

Defendants have also failed to produce essential class certification discovery including the contact information of the class members, their arrest and criminal disposition records, statistical data and other crucial information. Simultaneously

2

Defense Counsel cut off meet and confer discussions and refused to participate in a request for informal discovery dispute resolution.

To further demonstrate the irreparable prejudice plaintiffs are experiencing by defendants actions, on November 2, 2022, Defendants suspended the deposition of Defendant Dominick Rivetti the Beverly Hills Chief of Police after less than an hour of testimony and have refused to allow the deposition to go forward or to allow numerous other noticed depositions to go forward. Defendants delay tactics make a continuance of the Class Certification Deadline more vital because of the irreparable prejudice the lack of discovery is causing to the Plaintiffs.

Defendants state their refusal to sign the stipulation, allow the depositions to go forward and refusal to meet and confer further regarding discovery is justified because they claim there is a potential conflict between Plaintiffs' Counsel and Defendant Dominick Rivetti - one of the twelve defendants in the case. Defendants refused to identify what that claimed conflict was when they stopped the Rivetti deposition. (Sadr Declaration ¶4 Exh. 4 Rivetti depo. pgs. 43-46,) Yet, defendants refused to produce documents long before their claim of a conflict.

In a good faith effort to convince the Defendants to honor their agreements and discovery obligation, Plaintiff's Counsel sent letters to Defendants explaining they were not aware of any conflict. Mr. Gage did not represent Mr. Rivetti as a client. Mr. Rivetti was also a witness in an action and asked to sign a declaration which has nothing to do with this lawsuit. (Sadr Declaration ¶5; Exh. 5, Gage 11/9/22 letter )

Notwithstanding Plaintiff's Counsel's explanation, Defendants continue to refuse to sign the stipulation to modify the scheduling order, allow noticed depositions to go forward and to meet and confer regarding discovery or to participate in a joint letter to the Magistrate to request an informal discovery dispute resolution conference which is delaying Plaintiffs the ability to gather evidence necessary for class certification, causing Plaintiffs' irreparable harm and prejudice.

Defendants' unanticipated and sudden refusal to sign the stipulation has left Plaintiffs with no alternative but to seek ex parte relief to modify the scheduling order to continue the class certification hearing and filing deadline. Based on the current scheduling order the last day to hear the motion for class certification is January 6, 2023, and thus, the motion must be filed on or before December 9, 2022. Since a noticed motion to modify the scheduling order would not be heard until after the class certification filing deadline Plaintiffs have no alternative but to file an ex parte application.

The ex parte simply seeks to modify the scheduling order consistent with the stipulation Defendants say they agree to but refuse to sign. Prior to filing this motion Plaintiffs met and conferred with Defense Counsel and exchanged multiple meet and confer letters. (Sadr dec. *in passim*; and Exh. 6). Counsel for Defendants were notified of the Ex Parte, and advised they oppose the ex parte. (Sadr Declaration ¶7, Exh. 6)

WOODRUFF, SPRADLIN & SMART, APC
DANIEL K. SPRADLIN – State Bar No. 82950
dspradlin@wss-law.com

4

| | |
|---|---|
| 1 | JEANNE L. TOLLISON – State Bar No. 238970 |
| 2 | jtollison@wss-law.com |
| | 555 Anton Boulevard, Suite 1200 |
| 3 | Costa Mesa, California 92626-7670 |
| | Telephone: (714) 558-7000 |
| | Facsimile: (714) 835-7787 |

SWANSON, MARTIN & BELL, LLP
SUSAN E. SULLIVAN – Illinois State Bar No. 6238201 (*Pro Hac Vice*)
ssullivan@smbtrials.com
ARTHUR J. RELIFORD – Illinois State Bar No. 6270485 (*Pro Hac Vice*)
areliford@smbtrials.com
ANDREW A. LOTHSON – Illinois State Bar No. 6297061 (*Pro Hac Vice*)
alothson@smbtrials.com
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990

Attorneys for Defendants CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

Date: November 14, 2022          Respectfully Submitted,
                                  Law Offices of Goldberg & Gage
                                  A Partnership of Professional Law Corporations
                                  &  Law Offices of Benjamin Crump

                                  By: */s/ Milad Sadr*
                                       BRADLEY C. GAGE
                                       Milad Sadr
                                       Terry M. Goldberg
                                       Attorneys for Plaintiffs

5

## MEMORANDUM OF POINTS & AUTHORITIES

### 1. INTRODUCTION AND SUMMARY OF RELEVANT FACTS

This ex parte seeks more time to allow class certification. It is necessary because of delays in providing discovery which causes Plaintiffs irreparable prejudice. Defendants recognized the need for more time but now refuse to honor their agreement making this motion necessary.

Plaintiffs diligently attempted to move the case forward. Plaintiffs served interrogatories and requests for production on the Defendants in May of 2022. Defendants requested multiple extensions including extensions due to health problems and the passing of defense counsel's parents, which Plaintiffs accommodated. (Sadr Declaration ¶¶8-9). Defendants finally served discovery responses on or about August 19, 2022. On August 22, 2022, the parties held a conference of counsel. Plaintiffs followed up on the conference with counsel by sending a letter on September 4, 2022 describing the discovery deficiencies. Defendants served their first supplemental responses on October 7, 2022. Defendants served their second supplemental responses on October 14, 2022. Defendants served their Third Supplemental Responses on October 21, 2022. (Sadr Declaration ¶10). On or about October 26, 2022, the parties held another conference of counsel pursuant to L.R. 37-1. During these two months, the parties also exchanged written meet and confers. (Sadr Declaration ¶11). Unfortunately, despite the extensive meet and confer efforts

EX PARTE APPLICATION
1

Defendants refuse to produce the class member contact information, arrest and disposition reports of the class members, statistical data regarding the race of the persons arrested which Defendants claimed didn't exist.  Shortly before stopping all discovery in this matter, Depositions demonstrated that documents showing statistical information exist, notwithstanding Defendants prior discovery responses.   This ex parte is not the time or place to discuss discovery issues, but they are brought up to explain why more time is necessary to seek class certification.  (Sadr Declaration ¶¶12-14).

Plaintiffs circulated to Defendants a draft letter to the Magistrate Judge to schedule an informal discovery dispute conference, but Defendants did not respond and refused to meet and confer due to the claimed conflict of interest.  (Sadr Declaration ¶¶3,4,14, Ex. 2,3 and 7).  Since Defendants have refused to participate in an informal discovery dispute conference, Plaintiffs are in the process of filing a motion to compel.  We are waiting on the Defendants to provide their portion of the Joint Stipulation.  The problem with a formal motion to compel is that the documents we seek will not even be ruled upon until after pre-certification discovery deadline.  Thus, Plaintiffs will suffer irreparable prejudice if this ex parte is not granted because the actions of defendants in not honoring their agreements and not providing discovery prejudices the ability of the Plaintiffs to seek class certification. (Sadr Declaration ¶15).

Plaintiffs noticed the depositions of several of the defendants and Defendants' 30(b)(6) witness Elisabeth Albanese. Defendant Billy Fair was deposed on October 27, 2022. Defendant Blake Nance was deposed on October 28, 2022. Plaintiffs started the deposition of Defendant Dominick Rivetti on November 2, 2022, but Defendants suspended the deposition after less than an hour and would not allow Plaintiffs to question him further claiming they had been made aware of a possible conflict of interest. Defendants refused to state any grounds for the potential conflict at that time and left. Defendants refuse to attend the other scheduled depositions or to schedule a Rule 7-3 conference regarding those depositions. Again, that is an issue for a different motion, but it demonstrates further why more time is necessary for a class certification motion.

The timing of the Defendants' suspension of the Rivetti deposition supports the conclusion that the claimed potential conflict was simply a pretext to stop Chief Rivetti from testifying. Immediately preceding the suspension of the deposition Chief Rivetti acknowledged 90% of the persons arrested by the Rodeo Drive Team were Black and the purpose of the task force was to eliminate the criminal element on Rodeo Drive, and the Rodeo Drive Team accomplished its purpose and other relevant testimony. The deposition had just began to cover substantive issues when Defendants abruptly left. (Sadr Declaration Exh. 4  Rivetti depo, at 12:5-14; 27:23-28:1; 33: 4-17; 38:2-39:3).

Defendants are also using the "potential conflict" to refuse to honor their agreement to stipulate to modify the scheduling order. On October 31, 2022 Defendants sent a stipulation and proposed order to modify the scheduling order and extend the class certification hearing date to June 16, 2023 and circulated a stipulation for approval and signature. (Sadr Declaration ¶2). Plaintiffs' Counsel sent back some revisions to the stipulation, and Defendants have stated they agree to the latest form of the stipulation, but refuse to sign the stipulation due to the "potential conflict". (Sadr Declaration ¶4; Exh. 3).

Since Defendants are refusing to sign the stipulation to modify the scheduling order and allow discovery to move forward until the "potential conflict" issue is resolved in addition to Defendants refusal to produce discovery necessary for the class certification motion Plaintiffs are irreparably prejudiced without more time because we do not have the necessary information to meet the current deadline.

**2. GOOD CAUSE EXISTS TO EXTEND THE CLASS CERTIFICATION HEARING AND FILING DEADLINES**

An ex parte application is authorized under the terms of L.R. 7-19. Plaintiffs, as applicants, have given advance notice of this ex parte application to counsel for all other parties pursuant to L.R. 7-19.1. To obtain ex parte relief, Plaintiffs must establish that they will be "irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and that he is "without fault in creating the crisis that requires ex parte relief." *Mission Power Engineering Co. v. Continental Casualty.*

*Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

January 6, 2023 is the last date to hear a motion for class certification. [Dckt. 40, p. 3:9]. Thus, December 9, 2022 is the last filing date for the motion for class certification. L.R. 6-1. Because Plaintiffs do not have sufficient time to bring this request by way of a noticed motion, prior to the current class certification filing deadline they have no alternative but to seek to modify the scheduling order and extend the class certification hearing and filing deadlines in an ex parte application.

Defendants will suffer no prejudice from the requested extensions as they have agreed to the same extensions via stipulation, but refuse to sign the stipulation. (Sadr Declaration ¶ Ex.3 Def. Nov, 7 letter)

Plaintiffs are without fault in creating the crisis that requires ex parte relief. Defendants agreed to stipulate to modify the scheduling order to continue the class certification hearing to on or before June 16, 2023 and the motion filing deadline to March 1, 2023 and Plaintiffs relied on that agreement. However, Defendants have refused to sign the stipulation causing irreparable prejudice and leaving no alternative to cure the prejudice other than an ex parte application to request the extension of the class certification filing deadline so that discovery issues, defendants allegations and other matters can be sorted out, allowing Plaintiffs the opportunity to obtain and present the information necessary for the motion for class certification by the current filing deadline.

Rule 6 of the Federal Rules of Civil Procedure permits the Court, for good cause, to extend deadlines "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1)(A). Here, Plaintiffs are bringing this request prior to the expiration of their current deadline to file the class certification motion (December 9, 2022). Moreover, there is good cause to grant Plaintiffs' reasonable and good faith request to extend the class certification hearing and filing deadlines to the dates Defendants state they have agreed to.

The District Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." (Johnson v. Mammoth Recreations, Inc. (9th Cir. 1992) 975 F.2d 604, 609.) That is the case here. Therefore, there is good cause to modify the Scheduling Order pursuant to Rule 16(b)(4) and Local rule 16-14. As detailed above Plaintiff acted promptly to obtain class discovery, serving written discovery and noticing depositions. However, Defendant is refusing to allow the depositions to go forward and is refusing to produce fundamental discovery necessary for the motion for class certification.

Fed. R. Civ. P. 23(c)(1)(A) calls for a determination on class certification "[a]t an early practicable time after a person sues or is sued as a class representative." The class action determination can only be decided after the district court undertakes a "rigorous analysis" of the prerequisites for certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tele. Co. of SW v. Falcon*, 457 U.S. 147,

EX PARTE APPLICATION
6

161 (1982)). To undertake that analysis may require discovery. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975) ("The propriety of a class action cannot be determined in some cases without discovery;" "To deny discovery in [such cases] would be an abuse of discretion."). *Abs Entm't v. CBS Corp.*, 908 F.3d 405, 427, (9th Cir. 2018). *See also*, *Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 668–69 (9th Cir. 2014), holding the District Court's denial of Perez's extension of time requests as well as its failure to set an initial scheduling conference effectively denied Perez the opportunity to engage in precertification discovery, which constitutes an abuse of discretion. Due to Defendants refusal to allow depositions to go forward and produce necessary discovery December 6, 2022 is not a practicable time since as the result of Defendants' delay tactics Plaintiffs won't be able to complete the necessary discovery by that date.

A plaintiff prosecuting a class action is entitled to precertification discovery to determine the existence of a class or set of subclasses. It is well established that that denial of such a discovery is an abuse of discretion. *Kamm v. California City Development Co.* (9th Cir. 1975) 509 F.2d 205 at 210. Due to Defendants' refusal to produce the contact information of the class members Plaintiffs cannot communicate with them and obtain declarations for the class certification motion prior to the current filing deadline. Because of Defendants refusal to produce the class members arrest and disposition records and other relevant information Plaintiffs will not be able to obtain and analyze that information in time to effectively utilize that information for the class

EX PARTE APPLICATION
7

certification motion. Due to Defendants refusal to produce documents and refusal to produce deponents for deposition Plaintiffs will not be able to complete that discovery prior to the current class certification deadline. Because of Defendants refusal to meet and confer and participate in an informal discovery dispute resolution conference, Plaintiffs are forced to file motions to compel the necessary discovery and the depositions. It is impossible to have motions to compel heard prior to the current class certification deadline.

Defendants raise a "moving target" of claims of a conflict. While we believe those claims have no merit, this motion is not the place to go through those allegations. It is sufficient to note that because of the claims this matter has reached a standstill and plaintiffs will be irreparably prejudiced if more time is not provided. Indeed, the more that defendants allege, the more time that will be necessary to avoid irreparable prejudice to the plaintiffs.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully urges the court to grant the application to continue the deadline on the motion to certify the class and to continue the related deadlines to avoid irreparable prejudice to the plaintiffs.

Dated: November 14, 2022

Respectfully Submitted,
Law Offices of Goldberg & Gage
A Partnership of Professional Law Corporations and
THE SPENCER LAW FIRM

By: /S/ Milad Sadr
    Bradley C. Gage
    Milad Sadr
    Attorneys for Plaintiffs