UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 21-8698 FMO (RAOx) Date: February 23, 2023
Title: Jasmine Williams et al. v. City of Beverly Hills

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING EX PARTE APPLICATIONS [138][139]**

On February 22, 2023, Plaintiffs filed an Ex Parte Application for Order Compelling Depositions. Dkt. No. 138. Later that same day, Defendants filed an Ex Parte Motion for Protective Order Regarding the Timing of the Depositions of Defendants. Dkt. No. 139. Because the Court considers both ex parte applications to be improperly brought, the Court issues this ruling without waiting for oppositions to be filed. The Court finds the matters suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons below, the Court DENIES both ex parte applications.

## I. Legal Standard for Ex Parte Applications

Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989). Filing an ex parte application "is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *Intermagnetics*, 101 B.R. at 193).

To obtain ex parte relief, the moving party must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the moving party "is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* L.R. 37-3 ("Unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 21-8698 FMO (RAOx) | Date: | February 23, 2023 |
| Title: | Jasmine Williams et al. v. City of Beverly Hills | | |

Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

**II. Discussion**

The Court denies both ex parte applications because both sides are mutually at fault for the purported emergencies that prompted the ex parte applications. The parties have known since November 2022 about their underlying dispute regarding the timing of discovery in light of the possible conflict. This dispute was one reason for the request to modify the scheduling order in November 2022. The parties have known since November 16, 2022 that the extended deadline for Plaintiffs to file their motion for class certification was March 1, 2023. Dkt. No. 114. The parties' hope that a ruling on the pending motion to disqualify or their joint stipulation to modify the scheduling order would issue before that deadline does not excuse the parties from meeting and conferring and raising their discovery disputes in a timely manner. Because the parties have not shown that they are without fault in creating the purported crisis for their respective ex parte applications, both ex parte applications are DENIED.

The Court sets an informal discovery conference ("IDC") for **Wednesday, March 8, 2023, at 11:00 a.m.**[1] The parties are ordered to conduct at least one further meet and confer by telephone or video on the discovery dispute(s) raised in their ex parte applications. To ensure that the discussion takes place in a professional manner, the parties must have a court reporter present on the call or video meeting, with costs for the reporter and transcript to be split evenly between the two sides. **By noon on Monday, March 6, 2023**, the parties shall jointly email the Court with a brief summary of the status of their dispute(s) and a copy of the transcript of their meet and confer discussion. If the parties cannot agree on joint language for their email, they may each set forth their own brief summary.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer dl

[1] If this date and time does not work for either side's counsel, counsel shall jointly email the Court **by noon on Friday, February 24, 2023**, at RAO_Chambers@cacd.uscourts.gov with at least three proposed alternative dates and times.