JEANNE L. TOLLISON, State Bar No. 238970
jtollison@walsworthlaw.com
WALSWORTH LLP
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone: (714) 634-2522
Facsimile: (714) 634-0686

SWANSON, MARTIN & BELL, LLP
SUSAN E. SULLIVAN – Illinois State Bar No. 6238201 (*Pro Hac Vice*)
ssullivan@smbtrials.com
ARTHUR J. RELIFORD – Illinois State Bar No. 6270485 (*Pro Hac Vice*)
areliford@smbtrials.com
ANDREW A. LOTHSON – Illinois State Bar No. 6297061 (*Pro Hac Vice*)
alothson@smbtrials.com
330 N. Wabash Ave., Suite 3300
Chicago, Illinois 60611
Telephone: (312) 321-9100
Facsimile: (312) 321-0990

Attorneys for Defendants CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JASMINE WILLIAMS, KHALIL WHITE, JOSEPH NETT, LAKISHA SWIFT, CAMERON ROGERS and SHEPHERD YORK in Their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated,

Plaintiffs,

v.

CITY OF BEVERLY HILLS, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY

Case No.: 2:21-cv-08698-FMO-RAO

Hon. Fernando M. Olguin
United States District Court Judge
Courtroom 6D

**DEFENDANTS CITY OF BEVERLY HILLS, SANDRA SPAGNOLI, DOMINICK, RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER, BILLY BLAIR, OFFIER JERRY WHITTAKER, OFFICER JESSE LYGA'S NOTICE OF MOTION AND**

WHITTAKER, OFFICER JESSE LYGA, OFFICER JEFFREY NEWMAN, OFFICER COOKE, and OFFICER MAITLAND, inclusive, all sued in their individual capacities,

Defendants.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT [Fed. R. Civ. P. 12(b) and 12(f)]**

HEARING DATES PENDING:

Type: Defendants' Motion to Dismiss
Date: April 24, 2025
Time: 10:00 a.m.
Dept. 6D

TO: PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-entitled Court, located at the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, California, Defendants CITY OF BEVERLY HILLS ("City"), Former Chief SANDRA SPAGNOLI ("Spagnoli"), Former Chief DOMINICK RIVETTI ("Rivetti"), CAPTAIN SCOTT DOWLING ("Dowling"), SERGEANT DALE DRUMMOND ("Drummond"), OFFICER JON ILUSORIO ("Ilusorio"), OFFICER JONATHAN DE LA CRUZ ("De La Cruz"), SGT. BILLY FAIR ("Fair"), OFFICER JAMES KRUG ("Krug"), OFFICER BILLY BLAIR ("Blair"), OFFICER JERRY WHITTAKER, ("Whittaker"), and OFFICER JESSE LYGA ("Lyga") (sometimes collectively "Individual Defendants") will move the Court to dismiss the Fourth Amended Complaint ("FAC") of Plaintiffs JASMINE WILLIAMS, KHALIL WHITE, JOSEPH NETT, LAKISHA SWIFT, CAMERON ROGERS and SHEPHERD YORK in Their Individual and Representative Capacities on Behalf of a Class of All Persons similarly situated (sometimes collectively "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6) on the ground it fails to state sufficient facts, and will move to dismiss or strike under Rules 12(b)(6) and 12(f).

This motion is made following a pre-filing meet and confer under Local Rule 7-3 that began on March 20, 2025, continued on March 24, and concluded thereafter.

(*See* Declaration of Susan E. Sullivan "Sullivan Decl." at ¶¶ 2 - 6). On March 20, Defendants' counsel met and conferred with Plaintiffs' counsel in-person at the offices of Defense Counsel in the Central District of California with additional counsel attending by videoconference for approximately one hour to discuss Plaintiffs' FAC regarding each disputed issue of deficiency in Plaintiffs' FAC, as set forth in Defendants' March 17 meet and confer correspondence. (*See* Sullivan Decl. at ¶¶ 2 - 4). The parties also exchanged letters on March 24 and March 27 regarding each disputed issue in Plaintiffs' FAC after meeting again on March 24. (*See* Sullivan Decl. at ¶¶ 3, 4). After completion of the meet and confer process, Defendants confirmed that the parties were at impasse regarding Plaintiffs' FAC, requiring Defendants to move to dismiss by the Court's ordered deadline. (*See* Sullivan Decl. at ¶¶ 5, 6).

Defendants' Motion to Dismiss/Strike is and will be based on this notice, the attached memorandum of points and authorities, the pleadings on file with this Court, as well as such further oral or documentary evidence that may be presented at the hearing on the motion.

DATED: March 27, 2025

WALSWORTH LLP

By: <u>s/ *Jeanne L. Tollison*</u>
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

DATED: March 27, 2025

SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

# MEMORANDUM AND POINTS OF AUTHORITIES

## 1. INTRODUCTION

This putative class action, predicated on alleged civil rights violations by the City of Beverly Hills and several individual police officers, is now on its fifth iteration. Plaintiffs have again failed to correct their pleadings in several respects despite a roadmap from the Court on how to cure these deficiencies. (Dkt. 283).

Plaintiffs' FAC should be stricken and/or dismissed because it far exceeds the scope of the Court's order granting them leave to amend. The FAC changes the class definitions and adds a new subclass; it also adds three entirely new defendant officers after the statute of limitations expired and pleads new claims of supervisory liability against two previously included defendants. The FAC still fails to identify "which specific defendants were involved in detaining the named plaintiffs" in contravention of the Court's order. (Dkt. 283, at p. 16, ln. 5-6, 9-14). The pleadings show that several officers had no personal involvement in certain Plaintiff's incidents and should therefore be dismissed. Defendants' motion to dismiss/strike the FAC should be granted.

## 2. FACTS ALLEGED

The facts set forth in the FAC regarding the named Plaintiffs' incidents that form the bases for claimed relief as to the specific individual defendants are sparse. (FAC, ¶¶ 97 - 107). Plaintiff York alleges that on November 25, 2019, he was detained by Officer Cooke for an expired registration and subsequently arrested for outstanding warrants. (FAC, ¶¶ 97, 113, 134). York fails to allege that he was not convicted. *Id*.

Plaintiffs allege that on August 5, 2020, Plaintiffs Nett and Swift were unlawfully stopped based on pretext, then handcuffed and detained by Officer Newman, and that Nett was held in jail before being released. (FAC, ¶¶ 98, 114, 135). Nett and Swift allege that neither was convicted of any charges. *Id*.

Plaintiffs allege that on September 7, 2020, Plaintiffs Williams and White

were unlawfully stopped while riding scooters, and then falsely arrested, jailed, and maliciously prosecuted because of Sergeant Drummond and Officer Ilusorio. (FAC, ¶¶ 100, 116, 137). White and Williams allege that they were not convicted of any crime. *Id.*

Plaintiffs allege that on September 18, 2020, Plaintiff Rogers was detained by Officer Maitland for not having a front license plate and arrested after an illegal search of his rental vehicle for evidence of EDD fraud uncovered during the search. (FAC, ¶¶ 101, 117, 138). Rogers alleges he was never charged with any crime. *Id.*

As for the individual defendant officers, Plaintiffs allege only that Officer De La Cruz was a member of the Rodeo Drive Taskforce (RDT), and vaguely claim that he "detained plaintiffs and the Class Members" but no specific allegations are made by any named Plaintiffs that Officer De La Cruz was personally involved in any of their detentions or arrests. (FAC, ¶ 102). As to Officers Blair, Fair, Krug, Lyga, and Whittaker, Plaintiffs only allege that they were members of the RDT. But again, Plaintiffs make no specific allegations that any of these four officers were personally involved in their detentions or arrests. (FAC, ¶¶ 44, 95, 161, 162).

Finally, Plaintiffs make no allegations that Chiefs Spagnoli and Rivetti or Captain Dowling were personally involved in their detentions or arrests, only that they were policy makers. (FAC, ¶¶ 35, 41, 95, 161). Plaintiffs allege that Chief Spagnoli no longer worked for the BHPD as of May 15, 2020, i.e., before the RDT was formed in August 2020. (FAC, ¶¶ 36, 85). Plaintiffs also allege that Rivetti was not employed by the BHPD until May 2020, i.e., after Plaintiff York's arrest in November 2019. (FAC, ¶¶ 37, 85).

## 3. LAW AND ARGUMENT

### a. The FAC Should be Stricken Because It Exceeds the Scope of What the Court Granted Leave to File.

On February 8, 2025, the Court granted part of Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. 179, herein "TAC"). (Dkt. 283). The

order permitted Plaintiffs to clarify "which specific defendants were involved in detaining the named plaintiffs." (Dkt. 283, at p. 16, ln. 5-6, 9-14). The FAC, however, far exceeds that directive. Under L.R. 15-1, when a party obtains leave to file an amended pleading, the party must "*file the pleading approved by the Court* ...'" *Varlitskiy v. Cnty. of Riverside*, *California*, No. EDCV192099JGBSPX, 2021 WL 6103516, at *2 (C.D. Cal. Oct. 22, 2021) (emphasis in original). The FAC violates this rule because it materially changes the scope of this case and far exceeds the Court's order.

On March 6, 2025, Plaintiffs filed the FAC, which included a new primary class definition: "All Black people who were detained, *without reasonable suspicion*, or arrested, *without probable cause*, by the [BHPD] from August 30, 2019 through August 30, 2021 without being convicted of any crime." (FAC ¶ 2) (emphasis added).[1] Plaintiffs also added a new sub-class regarding "seizure of property" (FAC ¶ 4d) – even though none of the named Plaintiffs alleges such a claim.

The FAC also adds three new named defendants (Officers Newman, Cooke and Maitland), and new claims seeking supervisory liability against two previously named defendants, Sergeants Drummond and Fair, claiming they were "policy makers" as well as "managerial level or supervisory level employees" of the BHPD. (FAC, ¶¶ 35, 41). However, Plaintiffs expressly allege elsewhere that Sergeants Drummond and Fair were the **subordinates** of Chiefs Spagnoli and Rivetti and Captain Dowling, not supervisors (FAC, ¶¶ 95, 161), and that, while Sergeant Fair drafted the RDT operations plan, along with his supervisor Lieutenant Nance, it had to be approved by Captain Dowling and Chief Rivetti. (FAC, ¶ 14). Because these allegations against new and existing defendants go way beyond – and indeed

[1] Plaintiffs' inclusion of the standards for evaluating the lawfulness of police conduct — reasonable suspicion and probable cause, only highlights that impermissible mini-trials are necessary to determine class entry.

contradict – Plaintiffs' original claims, the FAC should therefore be stricken for this reason too.

Multiple cases illustrate the point. In *Wehlage v. EmpRes Healthcare Incorporated*, the court directed the plaintiff to amend only to "add alter ego allegations" to one specific claim to plead standing after granted the defendants' motion to dismiss. 821 F.Supp.2d 1122, 1125 (N.D. Cal. 2011). Instead, the plaintiff added new plaintiffs and defendants, which exceeded the scope of the court's order in granting the defendants' motion to strike the newly added parties and claims. *Id.*

In *Gerritson v. Warner Brothers Entertainment Incorporated*, the court directed the plaintiff to amend only to remedy specified deficiencies in her already plead claims. 116 F.Supp.3d 1104, 1110-19, 1123-25 (C.D. Cal. 2015). Instead, the plaintiff added new claims, which the court dismissed as exceeding the scope of the order granting leave to amend. *Id.* at 1124-25; *see also DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390- LHK, 2010 WL 4285006, *3 (N.D. Cal. Oct. 22, 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken"); *Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (plaintiffs' new claims and the addition of new defendants were stricken by the court for "exceed[ing] the authorization to amend" and because plaintiffs had not otherwise sought leave of court to add new claims or defendants as required by Fed. R. Civ. P. 15).

**b. <u>Plaintiffs' Claims Against Newly Added Defendants Are Time-Barred.</u>**

Officers Newman, Cooke, and Maitland were not parties to any of the prior complaints. (Dkts. 1, 25, 43, 179). They have been added as defendants long after expiration of California's 2-year statute of limitations for personal-injury actions, which controls the statute of limitations for section 1983 actions. Cal. Civ. Proc.

Code § 335.1; *Jones v. Blanas*, 393 F.3d at 918, 927 (9th Cir. 2004). *See also Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002) (granting dismissal based on statute of limitations).[2]

Nor could these new defendants be timely added under California's Code pertaining to DOE defendants, who can be converted within three years of the original filing. Cal. Ca. Proc. Code § 474. (Dkt. 283, at p. 7, ln. 14 – p. 8, ln. 3; p.8, ln. 16 – 20). Here, the original complaint, Dkt. 1, was filed on August 30, 2021, which is more than three years before the untimely FAC was filed on March 6, 2025. It is also worth noting that the Court previously dismissed the DOE Defendants as of May 29, 2023, the last day Plaintiff had a right to amend to add more parties. (Dkt. 142). As a result of the dismissal of the DOE Defendants, Plaintiffs' TAC did not name any DOE Defendants. (Dkt. 179).

There is no legal justification for the interjection of new defendants at this late stage of Plaintiffs' case and especially in light of the limits of this Court's order on the prior motion to dismiss. York's allegations against Officer Cooke stem from a November 25, 2019 incident. (FAC, ¶¶ 97, 113, 134). Nett and Swift's allegations against Officer Newman stem from an August 5, 2020 incident. (FAC, ¶¶ 98, 114, 135). Rogers' allegations against Officer Maitland stem from a September 18, 2020 incident. (FAC, ¶¶ 101, 117, 138). These proposed new party defendants will be unfairly prejudiced and their due process rights violated if Plaintiffs are permitted to add them long after both the discovery period and the statute of limitations periods have expired.

**c. <u>Plaintiffs' Failure to Allege Specific Claims Against Certain Defendants Requires Dismissal of Those Claims for Non-Involvement.</u>**

While Plaintiffs did amend to specify *some* allegations against certain

[2] These new defendants have not yet been served. Upon service, it is anticipated that they will appear and join in this motion.

Defendants, Plaintiffs once again lump together all "defendants" under Claims One and Two, with every Plaintiff asserting Claims One and Two against every Individual Defendant, alleging all "defendants" caused their harm and damages. (FAC ¶¶ 111, 125, 129, 133, 147, 150). For this reason, Plaintiffs did not follow the Court's directive to *specify* which Individual Defendants were involved in their alleged incidents under Counts One and Two. Instead, Plaintiffs are attempting to maintain claims against Individual Defendants who had no involvement in the detention or arrest of any named Plaintiff. If anything, the new iteration of the complaint is even less clear following this Court's prior ruling.

To be clear, no Plaintiff alleges personal involvement against Officers Blair, De La Cruz, Fair, Krug, Lyga, and Whittaker in Claims One or Two. (FAC, ¶¶ 108 - 150). Plaintiffs also make no allegations that Chiefs Spagnoli and Rivetti or Captain Dowling were personally involved in their detentions or arrests, only that they were policy makers. (FAC, ¶¶ 35, 41, 95, 161). Chief Spagnoli cannot be alleged to have had any supervisory liability role as a policy maker with respect to claims made by Plaintiffs Nett, Swift, Williams, White, or Rogers because she was no longer employed by the BHPD as of May 15, 2020, which was months before the RDT was formed in August 2020, and before their incidents occurred. (FAC, ¶¶ 36, 85). Chief Rivetti could not have had any supervisory role as a policy maker with respect to Plaintiff York's claims because he was not employed by the BHPD prior to May 2020. (FAC, ¶¶ 37, 85), which was long after York's arrest in November 2019. (FAC, ¶ 97).

In sum, Individual Defendants Fair, Blair, Krug, Lyga, and Whittaker must be dismissed from this action with prejudice for non-involvement. Chief Spagnoli must be dismissed from Plaintiffs Williams, White, Nett, Swift, and Rogers' claims with prejudice for non-involvement. Lastly, Chief Rivetti must be dismissed from Plaintiff York's claims with prejudice for non-involvement.

**4. CONCLUSION**

WHEREFORE, Defendants request that this Court grant their Motion to Dismiss/Strike, and for any further relief that Court deems just.

DATED: March 27, 2025 WALSWORTH LLP

By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

DATED: March 27, 2025 SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER

JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,984 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 27, 2025

WALSWORTH LLP

By: s/ *Jeanne L. Tollison*
JEANNE L. TOLLISON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity

DATED: March 27, 2025

SWANSON, MARTIN & BELL, LLP

By: s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN
ARTHUR J. RELIFORD
ANDREW A. LOTHSON
Attorneys for Defendants
CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER

JESSE LYGA, as employees of the City of Beverly Hills, a public entity

**DECLARATION OF SUSAN E. SULLIVAN**

I, SUSAN E. SULLIVAN, hereby declare:

1. I am an attorney, duly licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois. I am admitted pro hac vice in the matter of *Williams v. City of Beverly Hills*. I am counsel of record for Defendants CITY OF BEVERLY HILLS, a public entity, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, and OFFICER JESSE LYGA, as employees of the City of Beverly Hills, a public entity in this action.

2. Defendants served Plaintiffs with a pre-filing meet and confer letter pursuant to Local Rule 7-3 on March 17, 2025, asking Plaintiffs to discuss the matters addressed therein regarding deficiencies in Plaintiffs' Fourth Amended Complaint in an attempt to resolve disputes about Plaintiffs' alleged claims in lieu of Defendants moving to dismiss and strike Plaintiffs' Fourth Amended Complaint. (See Defendants' March 17 Meet and Confer Letter, attached hereto as Ex. A).

3. On March 20, 2025, defense counsel and counsel for Plaintiffs met and conferred in-person for about an hour regarding the proposed Motion to Dismiss/Strike the Fourth Amended Complaint and further conferred for about half an hour on March 24, 2025.

4. The parties further exchanged letters on March 24 and March 27 regarding remaining issues and documenting their disputes. (See Plaintiffs' March 24 Meet and Confer Letter, attached as Ex. B; See also Defendants' March 27 Meet and Confer Letter, attached as Exhibit C).

5. Defendants raised the following issues regarding their positions on Plaintiffs' FAC, and Plaintiffs' positions were as follows:

a. Striking Plaintiffs' Fourth Amended Complaint pursuant to Rule

12(f) for failure to obtain leave of Court for the amendments made regarding the class and sub-class definitions, the addition of three new defendants, Officers Jeffrey Newman, Jason Cooke, and Erica Maitland, and the new supervisory liability claims against Sergeants Dale Drummond and Billy Fair. Plaintiffs did not agree to strike these amendments. The parties are at an impasse on this issue.

b. Dismissing certain Defendants pursuant to Rule 12 and the applicable statute of limitations, specifically that the claims against Defendant Officers Jeffrey Newman, Jason Cooke, and Erica Maitland are time barred. Plaintiffs did not agree to dismiss the newly added Defendants. The parties are at an impasse on this issue.

c. Plaintiffs' failure to allege with specificity the personal involvement of each Individual Defendant's identified in Plaintiffs' Claims One and Two, as ordered by the Court, which, pursuant to Rule 12, would require the dismissal of all claims against Defendants Billy Fair, Billy Blair, James Krug, Jesse Lyga, and Jerry Whittaker; the dismissal of Plaintiffs Williams, White, Nett, Swift, and Rogers' claims against Sandra Spagnoli; and, the dismissal of York's claims against Dominick Rivetti. Plaintiffs indicated they were willing to provide more specifics as to the individual defendants' liability but have not done so. Defendants must comply with the Court's Order and are required to file their motion by March 27. (Dkt. 283). If Plaintiffs have a proposed revised set of allegations, they should tender them to Defendants for consideration during the pendency of the motion to dismiss/strike. Plaintiffs further stated they are willing to dismiss Officer Blair, Krug, Lyga and Whittaker, provided that these Defendants agree to waive costs and forgo the filing of any counterclaims against Plaintiffs or their attorneys. Defense Counsel will work cooperatively with Plaintiffs' counsel with the goal that these officers are dismissed with prejudice pursuant to Fed.

R. Civ. P. 41. However, given the timing of Plaintiffs' proposal and lack of firm agreement in place, and to protect their rights, Defendants have moved to dismiss the Individual Defendants Blair, Krug, Lyga, and Whittaker for non-involvement to comply with the Court's Order. (Dkt. 283).

d. Plaintiffs further offered to "limit the class action allegations in the Williams case to the Equal Protection Claims and Monell Liability" but failed to provide a proposed alternative definition. If Plaintiffs have a proposed revised class definition, they should tender it to Defendants for consideration during the pendency of the motion to dismiss/strike given that the Court's Order requires that Defendants "shall" file their responsive pleading "no later than March 27." (Dkt. 283).

6. The parties remain at an impasse on each disputed issue regarding Plaintiffs' Fourth Amended Complaint, requiring Defendants to move to Dismiss/Strike.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing facts are true and correct, and that if called upon to do so I could and would competently testify thereto.

Executed this 27th day of March 2025, in the City of Chicago, Illinois.

s/ *Susan E. Sullivan*
SUSAN E. SULLIVAN

**PROOF OF SERVICE**

**STATE OF IILINOIS, COUNTY OF COOK**

I am over the age of 18 and not a party to the within action; I am employed by SWANSON, MARTIN & BELL, LLP in the County of Cook at 330 North Wabash Avenue, Suite 3300, Chicago, IL 600611.

On March 27, 2025, I served the foregoing document(s) described as: **DEFENDANTS CITY OF BEVERLY HILLS, SANDRA SPAGNOLI, DOMINICK RIVETTI, CAPTAIN SCOTT DOWLING, SERGEANT DALE DRUMMOND, OFFICER JON ILUSORIO, OFFICER JONATHAN DE LA CRUZ, SGT. BILLY FAIR, OFFICER JAMES KRUG, OFFICER BILLY BLAIR, OFFICER JERRY WHITTAKER, AND OFFICER JESSE LYGA'S, NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFFS' FOURTH AMENDED COMPLAINT,**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of SWANSON, MARTIN & BELL, LLP for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of SWANSON, MARTIN & BELL, LLP, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of SWANSON, MARTIN & BELL, LLP for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 27, 2025, in Chicago, Illinois.

*s/ Susan E. Sullivan*

Susan E. Sullivan

**JASMINE WILLIAMS, et al v. CITY OF BEVERLY HILLS, et al.**
**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.: 2:21-cv-08698-FMO-RAO**

**LASC, CENTRAL DISTRICT**
**CASE NO.: 21STCV31949**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE FERNANDO M. OLGUIN**
**COURTROOM 6D**

## SERVICE LIST

| | |
|---|---|
| Bradley C. Gage, Esq.<br>Milad Sadr. Esq.<br>BRAD GAGE LAW, APC<br>23002 Victory Boulevard<br>Woodland Hills, California 91367<br>Telephone: (818) 340-9252<br>Facsimile: (818) 340-9088<br>Email: brad@bradgagelaw.com<br>milad@bradgagelaw.com | Attorneys for Plaintiffs<br>**JASMINE WILLIAMS, JUWAN WHITE, JOSEPH NETT, LAKISHA SWIFT, CAMERON ROGERS, SHEPHERD YORK, and the PUTATIVE CLASS** |
| Benjamin L. Crump, Esq. (*Pro Hac Vice*)<br>Elizabeth P. White, Esq. (*Pro Hac Vice*)<br>Natalie A. Jackson, Esq. (*Pro Hac Vice*)<br>BEN CRUMP LAW PLLC<br>122 South Calhoun Street<br>Tallahassee, FL 32301<br>Telephone: (850) 224-2021<br>Facsimile: (800) 770-3444<br>Email: court@bencrump.com<br>elizabethpaige@bencrump.com<br>natatlie@bencrump.com | Attorneys for Plaintiffs<br>**JASMINE WILLIAMS, JUWAN WHITE, JOSEPH NETT, LAKISHA SWIFT, CAMERON ROGERS, SHEPHERD YORK, and the PUTATIVE CLASS** |
| Jeffrey Spencer, Esq.<br>THE SPENCER LAW FIRM<br>2 Venture, Suite 420<br>Irvine, CA 92618<br>Telephone: (949) 240-8595<br>Facsimile: (949) 377-3272<br>Email: jps@spencerlaw.net | Attorneys for Plaintiffs<br>**JASMINE WILLIAMS, JUWAN WHITE, JOSEPH NETT, LAKISHA SWIFT, CAMERON ROGERS, SHEPHERD YORK. and the PUTATIVE CLASS** |