**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASMINE WILLIAMS, <u>et</u> <u>al.</u>, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, <u>et</u> <u>al.</u>,<br><br>Defendants. | Case No. CV 21-8698 FMO (RAOx)<br><br>**ORDER RE: MOTION TO DISMISS AND STRIKE FOURTH AMENDED COMPLAINT** |

Having reviewed and considered all the briefing filed with respect to defendants' Motion to Dismiss and Strike Plaintiffs' Fourth Amended Complaint (Dkt. 292, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, <u>see</u> Fed. R. Civ. P. 78(b); <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**<u>BACKGROUND</u>**

On June 30, 2023, Jasmine Williams ("Williams"), Khalil White ("White"), Joseph Nett ("Nett"), Lakisha Swift ("Swift"), Cameron Rogers ("Rogers"), and Shephard York[1] ("York") (collectively, "plaintiffs"), on behalf of themselves and others similarly situated, filed their Third Amended Complaint ("TAC") against various defendants. (<u>See</u> Dkt. 179). Defendants Billy Blair, James Krug, Jesse Lyga, Jerry Whittaker, and Jonathan de la Cruz have since been dismissed

---

[1] York has been withdrawn as a class representative and proceeds only on his individual claims.

with prejudice pursuant to the parties' stipulation. (See Dkt. 308, Joint Stipulation at 2); (Dkt. 309, Court's Order of October 14, 2025, at 2). The following defendants remain in the case: the City of Beverly Hills ("City"),[2] Police Chief Sandra Spagnoli ("Spagnoli"), Interim Police Chief Dominick Rivetti ("Rivetti"), Captain Scott Dowling ("Dowling"), sergeants Dale Drummond ("Drummond") and Billy Fair ("Fair"), and officer Jon Ilusorio ("Ilusorio"). (See Dkt. 179, TAC at ¶¶ 25-46).

On February 8, 2025, the court granted in part and denied in part defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC"). (See Dkt. 283, Court's Order of February 8, 2025, at 29). In so doing, the court found that "plaintiffs' TAC [did] not allege which specific defendants were involved in detaining the named plaintiffs[,]" and "require[d] more specific allegations as to each defendant officer's conduct towards the named plaintiffs." (Id. at 16). The court also found that plaintiffs Williams, White, Swift, Rogers, and York failed to allege "any process resulting in the initiation of criminal proceedings followed [by] their arrest[.]" (Id. at 22) (internal quotation marks and alterations omitted). The court granted plaintiffs leave to amend their unreasonable seizure and malicious prosecution claims. (See id. at 22-23).

On March 6, 2025, plaintiffs filed the operative Fourth Amended Complaint ("4AC"), which asserts Fourth Amendment claims under 42 U.S.C. § 1983 ("§ 1983") for unreasonable searches and seizures against all defendants except the City, as well as a claim against the City pursuant to Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978).[3] (See Dkt. 285, 4AC at ¶¶ 108-200). The 4AC also includes several changes that form the basis of defendants' Motion. First, the 4AC adds three new officer defendants, Officer Jeffrey Newman ("Newman"), Officer Cooke ("Cooke"), and Officer Maitland ("Maitland") (collectively, "newly added defendants"), (see id. at ¶ 45); second, it includes a new class definition and subclasses, (see id. at ¶¶ 2, 4(c)-(d)); and finally, it asserts new supervisory liability claims against Drummond and Fair. (See id. at ¶¶ 35, 41). Defendants now move to dismiss the newly added defendants and the

[2] Plaintiffs alleged that the Beverly Hills Police Department ("BHPD") is a "subdivision" of the City. (See Dkt. 179, TAC at ¶ 3).

[3] Plaintiffs appear to have abandoned their malicious prosecution claim in the 4AC. (See, generally, Dkt. 285, 4AC).

unreasonable search and seizure claims. (See Dkt. 292, Motion at 5-6).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[4] should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421,

---

[4] All further "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. See Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984), abrogated on other grounds by Neitze v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989); 2 Moore's Federal Practice § 12.34[4][b] ("Dismissal under Rule 12(b)(6) . . . is also appropriate when a successful affirmative defense or other bar to relief on the claim is conclusively established on the face of the complaint.").

## DISCUSSION

### I. WHETHER THE 4AC EXCEEDS THE SCOPE OF THE LEAVE TO AMEND GRANTED IN THE COURT'S ORDER OF FEBRUARY 8, 2025.

Defendants seek to strike the revised class definition and subclasses, the newly added defendants, and the supervisory liability claims against Drummond and Fair on the ground that they "far exceed[]" the scope of the leave previously granted by the court. (See Dkt. 292, Motion at 2-4). As to the revised class definition and subclasses, "Plaintiffs agree with the Defendants [that] the class definitions in the Fourth Amended Complaint should not have been changed from the class definitions in the Third Amended Complaint." (Dkt. 294, Plaintiffs Opposition to Motion to Dismiss ("Opp.") at 6). Accordingly, the court will strike the revised class definition and the newly added subclasses.

With respect to the supervisory liability claims against Drummond and Fair, (see Dkt. 292, Motion at 3-4), plaintiffs asserted the same allegations against these defendants in the TAC. (See Dkt. 179, TAC at ¶¶ 35, 41, 95, 150); (Dkt. 294, Opp. at 6). Although defendants did not challenge the supervisory liability claim in connection with the TAC, the court will, as explained below, dismiss any supervisory liability claims against Drummond and Fair. See infra at § II.A.

Finally, as to the newly added defendants, plaintiffs contend that to comply with the Court's Order of February 8, 2025, it was necessary to add the new defendants who "are police officers with the City of Beverly Hills, colleagues or subordinates of the original defendants, and carried

out . . . common top-down discriminatory policies and practices." (Dkt. 294, Opp. at 7-8). The court is unpersuaded. "[W]here a prior court order granted limited leave to amend, District Courts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend." Jameson Beach Prop. Owners Ass'n v. United States, 2014 WL 4925253, *3 (E.D. Cal. 2014). "Thus, whether a district court will accept new claims and/or parties in an amended complaint after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation." Id.

Here, the court's prior order limited plaintiffs' ability to amend the TAC. The court specifically identified the deficiencies to be cured with respect to the unreasonable seizure and malicious prosecution claims. (See Dkt. 283, Court's Order of February 8, 2025, at 16, 22-23, 29). At no point did the court authorize plaintiffs to add new defendants. (See, generally, Dkt. 283, Court's Order of February 8, 2025). In other words, "the Court was specific about the purpose of the limited leave granted, as opposed to granting leave to amend without limitation." Jameson Beach Prop. Owners Ass'n, 2014 WL 4925253, at *4; see, e.g., Vahora v. Valley Diagnostics Lab'y Inc., 2017 WL 2572440, *3 (E.D. Cal. 2017) ("When analyzing similar orders that granted leave to amend as to certain specified claims and identified the deficiencies in those claims, courts in this District have found that leave to amend was granted with limitation."); Espino v. Walgreen Co., 2016 WL 931098, *3 (E.D. Cal. 2016) (finding that an order that allowed the plaintiff to "cure the deficiencies identified" did not include leave to add new claims and defendants); DeLeon v. Wells Fargo Bank, N.A., 2010 WL 4285006, *3 (N.D. Cal. 2010) ("In cases like this one . . . where leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."). Accordingly, the court will strike newly added defendants Newman, Cooke, and Maitland.

## II. WHETHER PLAINTIFFS HAVE SUFFICIENTLY ALLEGED THEIR UNREASONABLE SEARCH AND SEIZURE CLAIMS.

As discussed above, plaintiffs were granted leave to amend to allege specific facts demonstrating the wrongful acts of each individual defendant. (See Dkt. 283, Court's Order of February 8, 2025, at 16). Defendants contend that plaintiffs' 4AC still "show[s] that several officers

had no personal involvement in certain Plaintiff's incidents and should therefore be dismissed." (Dkt. 292, Motion at 1). The court agrees.

A. Unreasonable Seizure.

All six plaintiffs assert an unreasonable seizure claim. (See Dkt. 285, 4AC at ¶¶ 108-29). With the exception of Williams and White, (see id. at ¶¶ 100, 116), none of the other plaintiffs have alleged a viable unreasonable seizure claim. (See, generally, Dkt. 285, 4AC). Specifically, since plaintiffs have not been allowed to add defendants Newman, Cooke, and Maitland to the 4AC, and no remaining individual defendant is alleged to have engaged in any unreasonable seizures, (see, generally, id.), there is no basis to find that plaintiffs York, Nett, Swift, and Rogers have stated a claim. Moreover, there are no allegations that Spagnoli, Rivetti, Dowling, or Fair personally participated in any unreasonable seizure of any plaintiff.[5] (See, generally, id.); see. e.g., Holt v. McDonnell, 2016 WL 7217572, *4 (C.D. Cal. 2016) ("To state a viable Section 1983 individual capacity claim plaintiff must, at a minimum, allege facts which demonstrate specific acts an individual official did and how that individual's alleged misconduct specifically violated plaintiff's constitutional rights."). Except for Williams and White, the unreasonable seizure claims asserted by the remaining plaintiffs are dismissed.

B. Unreasonable Search.

All six plaintiffs also assert an unreasonable search claim. (See Dkt. 285, 4AC at ¶¶ 130-50). However, the only plaintiffs who allege that any search occurred are Rogers, (see id. at ¶

[5] In its previous ruling, the court found that plaintiffs had adequately alleged a supervisory liability claim against Spagnoli, Rivetti, and Dowling. (See Dkt. 283, Court's Order of February 8, 2025, at 17-20). However, plaintiffs have failed to allege sufficient facts to state a supervisory liability claim against Drummond or Fair. (See, generally, Dkt. 285, 4AC); see also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.") (internal quotation marks omitted). Relatedly, plaintiffs appear to rely on the same allegations regarding Rivetti and Spagnoli to support their Monell claim against the City. (See Dkt. 285, 4AC at ¶¶ 155, 157, 161-62). However, "Monell liability cannot attach to an individual (in his or her personal capacity)[,]" Carolin Isabelle Hauser v. Elijah M. Smith, et al., 2021 WL 2262551, *7 (D. Ariz. 2021), and Rivetti and Spagnoli have been sued in their individual capacities only. (See Dkt. 285, 4AC at p. 2).

138), and York, (see id. at ¶ 30), but the defendants alleged to have conducted those searches, Cooke and Maitland, have been stricken. Accordingly, plaintiffs' unreasonable search claim must be dismissed.[6]

III. WHETHER FURTHER LEAVE TO AMEND SHOULD BE GRANTED.

Rule 15 provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting the policy favoring amendment must "be applied with extreme liberality."). However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Rsch, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). This discretion is guided by an examination of several factors, including whether: (1) the amendment causes the opposing party undue prejudice; (2) the amendment is sought in bad faith; (3) the amendment causes undue delay; (4) the amendment constitutes an exercise in futility; and (5) the plaintiff has previously amended his or her complaint. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Here, plaintiffs have had five opportunities to state viable claims. Having liberally construed and assumed the truth of the allegations in the 4AC, the court concludes that giving plaintiffs a sixth opportunity to amend would be futile. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here [plaintiffs have] previously been granted leave to amend and [have] subsequently failed to add the requisite particularity to [their] claims, the district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks and alteration omitted); Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend."); Abcarian v. Levine, 972 F.3d 1019, 1032 (9th Cir. 2020) ("The district court . . . did not err in denying leave to amend and in dismissing Plaintiffs' federal claims with prejudice."); see also Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995) ("Futility of

[6] Because there are no remaining claims against defendant Fair, Fair is dismissed from the action with prejudice.

amendment can, by itself, justify the denial of a motion for leave to amend.”).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants’ Motion to Dismiss and Strike Plaintiffs’ Fourth Amended Complaint **(Document No. 292)** is **granted in part** and **denied in part** as set forth below.

2. The following claims are dismissed with prejudice: (1) the unreasonable seizure claim against Spagnoli, Rivetti, Dowling, and Fair; (2) the unreasonable search claim against Spagnoli, Rivetti, Dowling, Drummond, Fair, and Ilusorio; and (3) the supervisory liability claim against Drummond and Fair.

3. The action as to defendant Fair is dismissed with prejudice.

4. The following are stricken from the 4AC: (1) the Monell claim allegations involving Rivetti and Spagnoli based on their actions as final policymakers or their ratification or delegation of authority; (2) the revised class definition and the newly added subclasses; and (3) defendants Newman, Cooke, and Maitland.

5. In an effort to clarify the record, as well as the parties and claims still at issue, plaintiffs shall file a Fifth Amended Complaint (“5AC”) no later than **April 6, 2026**. The fifth amended complaint must be labeled “Fifth Amended Complaint,” filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 21-8698 FMO (RAOx). In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Fifth Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (“It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]”) (citations and internal quotation marks omitted). Plaintiffs are cautioned that failure to timely file a Fifth Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S.

626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

6. Plaintiffs are advised that leave to amend to file a 5AC is limited to clarify the record and make clear what claims and parties remain in the action. Specifically, only the following claims may be asserted against the remaining named defendants: (1) an unreasonable seizure claim brought by Williams and White against Drummond and Ilusorio; (2) a supervisory liability claim brought by all plaintiffs against Spagnoli, Rivetti, and Dowling, which must be alleged as a separate cause of action; and (3) a Monell claim against the City, which may not include any allegations involving Rivetti and Spagnoli based on their actions as final policymakers or their ratification or delegation of authority. Plaintiffs may also add the class allegations and definitions set forth in the TAC.

7. The 5AC may **not** assert an unreasonable search claim against any defendant. Plaintiffs may **not** assert any claims against Newman, Cooke, and Maitland, and may **not** assert any supervisory liability claims against Drummond and Fair. Finally, plaintiffs may not add any new parties (plaintiffs or defendants) or raise any new clams in the 5AC.

8. Because the purpose of the 5AC is to clarify and finalize the pleadings for further proceedings, defendants may not file any motion challenging the sufficiency of the 5AC. Defendants shall file their Answer to the 5AC no later than **April 20, 2026**.

Dated this 20th day of March, 2026.

/s/
Fernando M. Olguin
United States District Judge