**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASMINE WILLIAMS, et al., Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BEVERLY HILLS, et al.,<br><br>Defendants. | Case No. CV 21-8698 FMO (RAOx)<br><br>**ORDER RE: SETTLEMENT CONFERENCE** |

The court has reviewed the parties' proposed list of mediators pursuant to the Court's Order of July 6, 2026 (Dkt. 320). Accordingly, IT IS ORDERED THAT:

1. The parties and their trial counsel shall attend a Settlement Conference before Judge Margaret Morrow (Ret.) (the "mediator") no later than **September 30, 2026**. The costs of the mediator shall be divided equally between the parties. The court urges the parties in the strongest possible terms to use their best efforts to resolve this case instead of incurring additional legal fees and causing the court to expend its limited resources on this dispute.

2. Counsel and the parties must comply with the requirements set forth below. The parties may not seek relief from the mediator from any of the Settlement Conference requirements set forth below.

3. Counsel who will try the case must be present. In addition, the person with full settlement authority shall be present at the conference.[1] This requirement contemplates the physical presence of each party or, if a corporate or governmental entity, of an authorized and knowledgeable representative of the entity. Defendants' representative must have final settlement authority to commit the defendants to pay, <u>in the representative's discretion</u>, a settlement amount recommended by the mediator up to plaintiff's prayer (excluding punitive damage prayers), or up to plaintiff's last demand made prior to the Settlement Conference, whichever is <u>lower</u>. The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4. If a proposed settlement must be presented for approval to a board or committee, the person whose recommendation is normally followed must be the person present at the Settlement Conference.

5. Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also shall have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, an amount recommended by the mediator within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, <u>in his or her discretion</u>, up to the plaintiff's last demand made prior to the Settlement Conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

6. Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) may result in sanctions being imposed and/or the cancellation of the

---

[1] This means that Local Rule 16-15.5(b) relating to appearance by parties residing outside the District does <u>not</u> apply (except to the United States or any of its agencies), <u>i.e.</u>, all parties, including those residing <u>outside</u> the District, <u>must</u> appear in person.

Settlement Conference. The noncomplying party, attorney, or both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

7. The parties must, no later than 24 hours after the settlement proceeding is completed, file a Status Report Re: Settlement, indicating whether the case has settled.

8. The failure of any party or attorney to comply with the requirements of this Order may result in sanctions being imposed. The sanctions may include, but not be limited to, the fees and costs expended by the other parties in preparing and attending the Settlement Conference.

Dated this 17th day of July, 2026.

/s/
Fernando M. Olguin
United States District Judge